UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DUJUAN MARCUS DUNLAP, | |
| Petitioner, | Civil No. 11-271-GFVT |
| V. | |
| RICHARD IVES, | **MEMORANDUM OPINION** |
| | **AND ORDER** |
| Respondent. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Dujuan Marcus Dunlap is an inmate confined at the United States Penitentiary - McCreary, in Pine Knot, Kentucky. Dunlap, proceeding without counsel, has petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 compelling the Bureau of Prisons to credit his federal sentence with 158 days he spent in federal custody pursuant to a writ of habeas corpus ad prosequendum. [R. 1.] The Court has reviewed the petition[1], but must deny relief because relief in the form of a *nunc pro tunc* designation pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) is not appropriate under Dunlap's circumstances.

**I.**

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

On July 25, 2009, Dunlap attempted to rob a customer at gunpoint at a Burger King drive-through in Madison, Tennessee, but he was arrested shortly thereafter. On August 20, 2009, Dunlap began serving a sentence imposed by the State of Tennessee for violating the terms of his parole, and was transferred to the South Central Correctional Facility in Clifton, Tennessee. [R. 1 at 2.] Shortly thereafter, on September 16, 2009, Dunlap was indicted by a federal grand jury for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

On January 14, 2010, Dunlap was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum. On March 23, 2010, Dunlap signed a petition to plead guilty to the offense without a written plea agreement. On that day, the district court held a hearing, accepted the plea, and set a date for a sentencing hearing. On June 21, 2010, while awaiting federal sentencing and still in federal custody pursuant to the writ, Dunlap's state parole revocation sentence expired. [R. 1 at 3.]

On July 15, 2010, the district court held a sentencing hearing, at which Dunlap requested that the Court "enter an order, at least recommend, that the time he has spent in custody start from the time the federal detainer was placed on him up to and including today[.]" [R. 1-2 at 7.] The sentencing court correctly noted that he was serving a parole revocation sentence, but that it would "recommend he receive all the credit he's entitled to," even though he was already going to receive those credits. *Id*. The district court imposed a 76-month term of imprisonment, with the recommendation that "the defendant receive all credit for time served to which he is entitled." On appeal, the Sixth Circuit affirmed the sentence imposed as not substantively unreasonable. *United States v. Dunlap*, No. 3:09-CR-213 (M.D. Tenn. 2009).

**II.**

Dunlap contends that the BOP erred by refusing to grant, or even consider, a *nunc pro tunc* designation of the Grayson Jail where he was held pursuant to the federal writ of habeas corpus ad prosequendum as the place of his confinement under 18 U.S.C. § 3621(b) and pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). [R. 1 at 5, 6.] The record makes clear, however, that the BOP both considered his request for a *Barden* designation and correctly concluded that the injury such a designation was designed to remedy simply did not apply to Dunlap's circumstances.

In *Barden*, a state court ordered Barden's sentence to run concurrently with a pre-existing federal sentence. However, because the state had arrested him first, the doctrine of primary jurisdiction required the state sentence to be served first. When Barden completed his state sentence and was transferred to federal custody, the BOP commenced his federal sentence on that date in accord with 18 U.S.C. § 3625(a). Barden then sought habeas relief arguing that because this sequence of events frustrated the state court's desire that the two sentences be served concurrently, the BOP was required to designate under 18 U.S.C. § 3621(b) the state prison as the place for him to serve his federal sentence, and to make that designation retroactive to the commencement of his state sentence, thus effecting the state court's intent. *Barden*, 921 F.2d at 478. While the BOP disavowed any ability to do so, the Third Circuit concluded that it possessed the authority to consider such a request and could exercise its discretion, considering the factors set forth in 18 U.S.C. § 3621(b), to make a retroactive designation. *Id*. at 481-83.

Here, the BOP's responses to the inmate grievances Dunlap filed make clear that the BOP did consider his request for additional presentence custody credit under both 18 U.S.C. § 3585(b) and *Barden*. On December 24, 2010, Dunlap filed a Form BP-229 requesting "[t]hat the BOP honor the 'Nunc Pro Tunc' Designation from 1-14-10 to 7-15-10." The warden first

noted that Dunlap's federal sentence had already been credited with time spent in federal presentence detention from June 21, 2010, through July 15, 2010. The warden continued:

> All time spent in custody from January 14, 2010, through June 21, 2010, was time spent in service of your state parole violation. [18 U.S.C. § 3585(b)] is the controlling authority for prior custody credit, and precludes awarding time in official detention that has been credited toward another sentence.
>
> You are not eligible for a nunc pro tunc designation, as your federal sentence was not imposed until after the expiration of your state sentence; thus you were no longer in state custody.

[R. 1-2 at 16] The responses from the Mid-Atlantic Regional Office and Central Office likewise make clear that the BOP fully understood that Dunlap's appeals sought a *nunc pro tunc* designation under *Barden*. [R. 1-2 at 20 ("You request this credit to be applied by way of a *nunc pro tunc* or retroactive designation **to the state** for service of your federal sentence.") (emphasis added).]

Those responses further establish that the BOP did not make a *Barden* determination or consider the factors in Section 3621(b) because it concluded, correctly, that *Barden* did not apply to Dunlap's circumstances. The remedy recognized in *Barden* is limited to those cases where unfairness may occur when a state court fails to recognize that its desire to run its sentence concurrently with a previously-imposed federal sentence will be frustrated through operation of 18 U.S.C. § 3625(a) because the state possessed primary custody over the defendant. *Simms v. United States*, No. 08-cv-43-HRW (E.D. Ky. 2008) (slip op. of Sept. 21, 2009). No such concern is present here, where Dunlap's federal sentence was imposed after, rather than before, his state sentence, and only after his state sentence had been fully served.

Further, the district court's intent, expressed at both the sentencing hearing and in its judgment, was only that Dunlap "receive all presentence credit to which he was entitled." The district court did not grant his request to order that he receive "credit" for all the time spent in

custody pursuant to the federal writ.  It was undoubtedly aware that 18 U.S.C. § 3625(a) places the authority to determine when a sentence commences squarely in the hands of the Attorney General, not the sentencing court, and unequivocally prevents a federal sentence from commencing before the date it is imposed and the defendant is placed in custody for service of it. 18 U.S.C. § 3585(a); *United States v. Wells*, 473 F.3d 640, 645 (6th Cir. 2007).  Nor may the sentencing court attempt to "backdate" a sentence.  *United States v. Gaskins*, 393 F. App'x 910, 914 (3d Cir. 2010) ("Backdating a federal sentence [to commence prior to its imposition] conflicts with 18 U.S.C. § 3585(a) ...").  If a federal court wishes to afford additional "credit" for presentence custody beyond that which the BOP may afford under 18 U.S.C. § 3585(b), it must do so by granting a downward departure pursuant to U.S.S.G. § 5G1.3(c).  *Gaskins*, 393 F. App'x at 914.  Dunlap neither sought nor obtained such relief.  Because the retroactive designation permitted by *Barden* is not available under Dunlap's circumstances, and the rule against "double counting" embodied in Section 3585(b) prohibits further presentence custody credit, Dunlap's petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Dunlap's petition for a writ of habeas corpus [R. 1] is **DENIED.**

2. The Court will enter an appropriate judgment.

This 15th day of May, 2012.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge